## BOGART v. PHILLIPS.

MORTGAGES — ASSUMPTION BY GRANTEE — MISTAKE — RATIFICATION.
A purchaser of real property subject to a mortgage does not ratify a clause assuming the payment of the mortgage, inserted in his deed by fraud or mistake, by offering, for the purpose of procuring an extension of time, to pay an installment due on the mortgage, and the interest, after he has recorded an instrument repudiating the assumption clause.

Appeal from St. Clair; Vance, J. Submitted April 7, 1897. Decided May 25, 1897.

Bill by Belmont D. Bogart, administrator of the estate of Adam W. Bogart, deceased, against Abram Phillips, Bostwick R. Noble, and John Holden, to foreclose a mortgage. Foreclosure was awarded, but a personal decree against the defendant Noble was refused. Complainant appeals. Affirmed.

*Frank Whipple*, for complainant.

*H. W. Stevens*, for defendant Noble.

MONTGOMERY, J. This is a bill filed to foreclose a mortgage made by Phillips to Adam W. Bogart, complainant's intestate, on the 13th of October, 1887. About February 13, 1889, Bogart had brought suit against Phillips to recover about $300 interest then due, and, by

appointment, Phillips was to meet Bogart at Port Huron and settle up this back interest. Phillips went to Noble, and borrowed $300 from him to pay Bogart, giving Noble his note and a deed of the land covered by the mortgage to Bogart. It was agreed between Phillips and Noble that Phillips should come to Port Huron and make the settlement with Bogart, and when that was done, and Phillips had deeded the land to Noble as security, Noble would telephone the First National Bank at Port Huron to pay the money over. Phillips came to Port Huron, made the settlement with Bogart, and Bogart advised him to go to one Hovey to have the deed to Noble drawn. They did so, Bogart being present. Either by mistake or at the instance of Bogart, Hovey inserted in the deed a clause by which Noble assumed and agreed to pay the Bogart mortgage. Phillips signed the deed, put it on record, telephoned Noble, and Noble directed the bank to pay over the $300; and it did so, and the money, or nearly all of it, was paid over to Bogart to satisfy past-due interest. There was no agreement between Phillips and Noble that Noble should assume the Bogart mortgage, and neither had any such understanding, and Phillips did not understand that Noble was assuming the mortgage when he signed the deed. After it was recorded, the deed was forwarded to Noble, who put it in his safe, not knowing of this clause in the deed until about March 2, 1889, when his attention was called to it. He then examined the deed and found it. He at once sent for Phillips, and they signed a paper by which it was agreed to alter the deed by striking out the words, "which said mortgage the said Noble hereby assumes and agrees to pay." This paper was sworn to, and in it Phillips says that this clause was inserted in the deed without his direction, knowledge, or consent, and that this clause was not read to him when he signed the deed. This paper was signed and sworn to by Phillips and Noble, March 3, 1889, and was recorded in the register of deeds' office March 4, 1889, on the face of the page

whereon was recorded the deed from Phillips to Noble, and a reference to the agreement was made by an insertion on the face of the record of the deed. Phillips remained in possession of the land until the last of September, 1892, when he abandoned it, saying to Noble he might take it and get what he could out of it. Phillips had not paid Noble any part of the note for $300, and, when he thus turned it over to Noble, Noble gave up his note, and from that on claimed title to the land. Subsequently Noble wrote letters to Goodale, Bogart, and Coe, asking for an extension of time on the principal, and agreeing to pay interest if it was extended. After Phillips turned the land over to Noble, in September, 1892, Noble rented it, and made what he could out of it, and applied the proceeds on Phillips' indebtedness to him. Subsequently Noble wrote to Bogart, repudiating his liability under the clause in the deed.

This bill seeks to hold the defendant Noble liable for any deficiency that may arise after a sale, and whether he can be so held or not is the only question in the case. Holden disclaims, and the bill was taken as confessed by Phillips. The circuit judge held, while recognizing the general rule that the person who purchases land covered by a mortgage, and, by an agreement incorporated in the deed, assumes and agrees to pay such mortgage, is individually liable in foreclosure proceedings, yet that that rule grows out of the contract relations between the purchaser and the mortgagor, and that where, by mistake or fraud, such an agreement is incorporated in the deed without the knowledge of the grantee, and is promptly disaffirmed by him, he cannot be held to the undertaking by the mortgagee. It appears to be conceded by complainant's counsel that the circuit judge was not in error in this view of the law, and it is said that, if Mr. Noble had been consistent in disclaiming liability upon the mortgage under his deed from Phillips, there would be force in his contention that he is not liable, but that, after he caused to be made and recorded a paper disclaiming

liability for this payment, he agreed to pay the $200 due October 13, 1889, and one year's interest on the whole mortgage. But we discover nothing in the correspondence which shows any binding promise to pay. On October 17, 1890, Mr. Noble wrote that he would pay interest on the Phillips mortgage if time would be extended on the principal, and added: "What I am trying to do is to sell the place and let us all out, and I think I will do it before long." On the 22d of October he wrote Mr. Moore, in whose hands the mortgage evidently was for collection: "I am only interested in this matter in helping another man out. I expect to sell the place before long, and I will pay the interest if he will let the principal run along until the place can be sold, or something done. I think this the best plan for all parties interested." On the 31st he wrote: "I cannot pay but the interest on the A. Phillips mortgage this fall. I do not own the place myself, and am doing what I can to help another man, and trying to sell the place, with a fair prospect of success." It is true he had, previous to this, written to Mr. Coe, in whose hands the note was for collection, that he would pay the $200 and the interest on the mortgage. A statement was sent him, showing the amount, and he failed to make the payment. This was a new undertaking, upon no new consideration, and, we think, was not intended as a ratification of the deed in the form in which it was written.

We think the circuit judge reached the correct conclusion, in refusing a personal decree against Mr. Noble, and the decree will be affirmed.

The other Justices concurred.