No. 23,128.

J. E. FIELDS, *Appellant*, v. THE ALLEN COUNTY INVESTMENT
COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

CONTRACT—*Sale of Land—Assumption of Mortgage—Construction of
Clause "to Accruing Interest Thereof."* Plaintiff bought a farm from
defendant and assumed a mortgage thereon. The deed which plain-
tiff accepted contained a recital—

"All of said mortgages bearing date of September 2, 1918, due
September 1, 1923, at 6% semi-annual interest, payable to J. L. Petty-
john & Co., of Olathe, Kansas, to accruing interest thereof, all of
said mortgages grantee assumes and agrees to pay as part of the pur-
chase price of said premises."

The contract was made February 11, 1919, and on March 1, 1919,
the semiannual interest, $240, became due and plaintiff paid it to pre-
vent foreclosure, and sued to recover the sum paid. *Held*, as against
a demurrer to plaintiff's evidence, that the phrase "to accruing in-
terest thereof" related to the interest which would accrue after Febru-
ary 11, 1919, and that this phrase was not susceptible of an interpre-
tation that the plaintiff bound himself to pay that portion of the
semiannual interest which had already accrued—had already been
*earned*—when the contract was made.

Appeal from Allen district court; OSCAR FOUST, judge.
Opinion filed October 8, 1921. Reversed.

*G. R. Gard,* and *S. A. Gard,* both of Iola, for the appellant.
*Charles H. Apt,* and *Frederick G. Apt,* both of Iola, for the
appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff bought a mortgaged farm from
the defendant at an agreed price, and shortly thereafter the
semiannual interest, $240, fell due, which plaintiff had to pay,
and in this action he seeks reimbursement.

The defendant advertised the farm for sale by circular letter
in January, 1919. Plaintiff answered this letter by corre-
spondence and by telephone and other conversations. On Feb-
ruary 11, 1919, a deal was closed whereby the plaintiff was to
assume an $8,000 mortgage on the farm, give a second mort-
gage on it, and pay $1,200 in cash. Plaintiff planned to let a

third party, D. C. Hall, have the farm, and Hall was to execute the second mortgage. This was explained to the defendant and apparently it acquiesced therein. Plaintiff paid the agreed sum of $1,200 by a check on a distant bank, and until it was duly honored the defendant's agent and depositary would not surrender the deed from the defendant. This and similar details, such as the necessary time to record Hall's second mortgage, delayed the completion of the transaction until about the last of February, 1919. The deed from the defendant recited that it was given subject to mortgages aggregating $8,000—

"All of said mortgages bearing date of September 2, 1918, due September 1, 1923, at 6% semi-annual interest, payable to J. L. Pettyjohn & Co., of Olathe, Kansas, to accruing interest thereof, all of said mortgages grantee assumes and agrees to pay as part of the purchase price of said premises."

On March 1, 1919, the semiannual interest on the first mortgages fell due; plaintiff paid this amount, $240, to prevent foreclosure; and now sues for its recovery.

Defendant's answer set up the documents and correspondence, and the deed containing a recital of the grantee's assumption of the mortgages which recital also included the words "to accruing interest thereof," and the plaintiff's acceptance of the deed.

The oral evidence for plaintiff added nothing material to the matters pleaded, or to the documentary evidence including the recital in the deed which he had accepted. He testified that he noticed the words "to accruing interest thereof" but did not know what they meant:

"A. I did not understand it. Mr. Gray [banker] and I looked over it and we tried to see if it meant the past or future, and we could figure nothing out but the future, 'to accruing interest.' "

[Counsel for defendant]: "We object as wholly incompetent.

"By the Court: Sustained."

Defendant's demurrer to plaintiff's evidence was sustained, and plaintiff appeals.

There is something wrong here. Plaintiff bound himself to assume the mortgages and "to accruing interest thereof"; and while this phrase is obscure and ungrammatical, it certainly is not so indefinite and clumsy as to be susceptible of an interpretation that plaintiff bound himself to pay the interest which

had already accrued. Almost the entire sum of $240 had accrued when the deal was made on February 11. Only a few dollars of the $240 which would be due on March 1 were yet to accrue. Nothing is more common in the commercial world than the offer of interest-bearing securities "at par and accrued interest." In such purchases and sales a computation is made as to what part of the interest is already earned or has "accrued," and what part of it has still to accrue—"the accruing interest thereof"—before the next interest-paying period. In common parlance, accrued interest does not mean past due interest; it simply means *earned* interest; and *accruing* interest is that which is being earned in the present time and which is still to be earned during the period yet to run until the date fixed for payment.

We note the defendant's citations, and have carefully read *Gross v. Partenheimer,* 159 Pa. St. 556, but as we construe this particular contract with all the light available up to the point of the interposition of defendant's demurrer, the plaintiff, by the acceptance of the deed with its recitals of his assumption of the mortgages and "to accruing interest thereof," bound himself only to pay the interest accruing after the contract was made, and did not obligate himself to pay the interest which had already accrued.

This necessitates a reversal of the judgment on the demurrer, and that the cause be remanded for a new trial.

Reversed.