**HAMMOND v. BARNARD et al.    (No. 10462.)**

(Court of Civil Appeals of Texas. Fort Worth. Dec. 1, 1923. Rehearing Denied Feb. 2, 1924.)

1. **Evidence** ⟨⟩601(1)—Held insufficient to show acquisition of ownership of a claim from a dissolved corporation.

Evidence in action on a claim, which arose in favor of a corporation, *held* insufficient to show plaintiffs' ownership thereof, asserted to have come to them on and through the corporation's dissolution.

2. **Reformation of instruments** ⟨⟩46—Evidence of mutual mistake in requiring grantee to pay accrued interest on notes assumed held sufficient for submission of issue.

Construing a deed as requiring grantee to pay accrued interest on vendor's lien notes assumed, *held* that, notwithstanding grantor's testimony that it correctly embodied the consideration for which he intended to convey, and that he would not have closed the trade if he had not understood that grantee would assume such payment, the evidence warranted submission of the issue of mutual mistake; the contract, culminating in the deed, plainly showing grantee was to pay only $38,500, the aggregate of the cash payment and the notes assumed, without accrued interest.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On Motion for Rehearing.

**3. Vendor and purchaser ⬤➡265(3)—Grantee not required to pay accrued interest on notes assumed.**

The contract, culminating in a deed, plainly showing grantee was to pay only $38,500, the aggregate of the cash payment and vendor's lien notes assumed, the deed drawn by grantor —reciting the consideration to be $38,500, to be paid as follows: $15,000 cash, the execution of second vendor's lien notes for $8,500, and the assumption of three vendor's lien notes of a previous date, of $5,000 each, bearing 8 per cent. interest from date—does not require grantee to pay the interest, amounting to $937, accrued at date of deed, on the notes assumed, under the rule that if a written contract, when viewed as a whole and in the light of attendant circumstances, reasonably admits of two constructions, the one least favorable to the one whose language it is will be adopted.

Appeal from District Court, Wichita County; H. R. Wilson, Judge.

Action by C. J. Barnard and others against L. P. Hammond. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Weeks, Morrow & Francis, of Wichita Falls, for appellant.

Kay, Akin & Kenley, and Carrigan, Montgomery, Britain, Morgan & King, all of Wichita Falls, for appellees.

DUNKLIN, J. L. P. Hammond sold to a private corporation, known as the P. B. M. Company, a lot situated in the city of Wichita Falls, Tex. Prior to the execution of the deed of conveyance, the parties thereto had entered into a written contract for the sale and purchase of the property. That contract, which designated Hammond as party of the first part and the P. B. M. Company as party of the second part, contained this stipulation:

"As the consideration for said land, the party of the second part agrees and binds himself to pay to party of first part the sum of $38,500 in the following manner, viz.: $15,000 in cash, and the remaining in vendor's lien notes on said land to be executed to said party as follows: All notes to contain 10 per cent. attorney fee clause and to provide for payment of 8 per cent. interest, payable annually. Three vendor's lien notes, for $5,000 each, to be assumed by purchaser, and balance of $8,500 will be given and executed to L. P. Hammond as second vendor's lien notes as per agreement."

The deed of conveyance made by Hammond to the grantee contained the following recital of the consideration for the conveyance:

"For and in consideration of the sum of thirty-eight thousand five hundred dollars ($38,500), to us paid and secured to be paid by P. B. M. Company, a corporation, as follows: Fifteen thousand and no/100 dollars cash, receipt of which is hereby acknowledged, and the assumption of three vendor's lien notes executed by L. P. Hammond in favor of Frank Kell, in the amount of $5,000 each, dated February 1, 1919, and due one, two, and three years after date, respectively, bearing interest from date at the rate of 8 per cent. per annum, payable annually. As a further consideration P. B. M. Company executes two second vendor's lien notes in favor of L. P. Hammond, of even date herewith, in the amount of $4,250 each, payable on or before one and two years after date, respectively, bearing interest at the rate of eight per cent. (8%) per annum, payable annually, all of above notes containing usual attorney's fees clause."

At the time the deed was executed and delivered, unpaid interest had accrued in the sum of $936.67 on the three vendor's lien notes mentioned in the deed as having been executed by Hammond in favor of Frank Kell, and which notes the deed recited the P. B. M. Company had assumed to pay. The grantee was later compelled to pay that accrued interest in order to protect the property from foreclosure of that lien.

This suit was instituted by C. J. Barnard, G. C. Wood, and J. C. Barnard against Hammond to recover the amount of accrued interest so paid by the P. B. M. Company. It was alleged in plaintiffs' petition that the corporation known as the P. B. M. Company had been dissolved, and on its dissolution the plaintiffs became the owners of all the property and choses in action belonging to the corporation, including the debt which Hammond owed to the corporation, by reason of the payment of the accrued interest above mentioned on the Kell notes. As a showing of right of recovery of the interest so paid, the execution of the written contract and deed was alleged. It was further averred that it was understood by and between the parties to the deed at the time of its execution that $38,500 would be the full amount of consideration to be paid by the grantee, and that the deed, when properly construed, did not bind the grantee to pay more than that sum, and that the accrued interest so paid on the Kell notes was chargeable to Hammond alone, and not to the grantee, since the remainder of the consideration recited in the deed would aggregate the full sum of $38,500.

In another count in plaintiffs' petition it was alleged that, if it should be held that by the terms of the deed as written the grantee was legally liable for the accrued interest so paid by it on the Kell notes, then the inclusion of such agreement in the deed was the result of a mutual mistake on the part of the parties to the deed, since it was understood between them that the grantee would not be required to pay more than $38,500 in the aggregate, and that the consideration expressed in the deed, minus the unpaid interest

which had accrued on the Kell notes at the time of the execution of the deed, amounted to $38,500. In answer to special issues the jury found that it was agreed between the parties before the written contract and deed were executed that the purchase price of the lot was to be $38,500 only, exclusive of the accrued interest on the Kell notes, and that that agreement was a material inducement to the corporation to execute the contract. The jury further found that the corporation first discovered that it was expected to pay the accrued interest on the Kell notes three or four weeks after the trade was consummated, and that it exercised reasonable diligence to correct the mistake after it discovered that the accrued interest had not been paid, but that it was guilty of failure to exercise ordinary care to ascertain whether or not such interest had been paid at the time the deed was executed.

Upon those findings by the jury, the court rendered a judgment in favor of the plaintiffs for the amount of the accrued interest on the Kell notes, which the grantee in the deed had paid, together with interest on that amount up to the date of the judgment.

[1] By one of his assignments of error the appellant, Hammond, presents the contention that the evidence failed to show that plaintiffs were the owners of the alleged cause of action theretofore arising in favor of the P. B. M. Company to recover for the demand asserted in the suit, and we have reached the conclusion that the assignment must be sustained. Plaintiff C. J. Barnard was the only witness offered to prove ownership in plaintiffs of the claim asserted as a ground for recovery, and which claim, according to plaintiffs' pleadings and evidence, was formerly owned by the P. B. M. Company. When first introduced as a witness, he testified as follows:

"This P. B. M. Company, a corporation, was dissolved about May 22, 1920. This interest was paid on these notes on February 7, 1920. At the time this P. B. M. Company, a corporation, was dissolved, the directors or trustees of the corporation were G. C. Woods, Jack Barnard, and myself. At the time of the transaction complained of in the petition, and at the date of the payment of the interest on February 7, 1920, the entire stock was owned by those three people named."

But when he was recalled as a witness he again testified as follows:

"I have investigated about that stock, and in addition to the two named I found Roy Barnard had a share, and that they were all issued on October 20, 1920. Those three parties are now members of the P. B. M. Company and have a part in all its assets. The P. B. M. Company, before its dissolution as a corporation, transferred this property to the Barnard Realty Company, and those stockholders are not interested in the Barnard Realty Company, and it is now the property of the Barnard Realty Company, and has been for some time. They are not interested in this property. The Barnard Realty Company is a corporation, and owns this lot and this claim for the interest on these notes. The P. B. M. Company, as such, did have an interest in this. I don't know how the books have been kept on that transfer. This property has been transferred by the P. B. M. Company, but I can't say that they own this claim. It is a matter of bookkeeping.

"Q. You can't tell the jury whether the P. B. M. Company or the Barnard Realty Company owns this claim? A. I don't know how it would be transferred."

To say the least, that testimony was entirely too indefinite to support a recovery in favor of the plaintiffs in this suit, and for lack of sufficient proof on that issue the judgment must be reversed.

The issue of mutual mistake was not submitted to the jury, although the defendant, Hammond, presented two requests that the same be done, both of which were refused. Upon what theory the trial judge refused to submit that issue the record does not disclose. Appellees insist that it was not necessary to a recovery by them to prove the alleged mutual mistake in drafting the deed. They insist that, in view of the terms of the written contract stipulating for the amount of $38,500 as the price to be paid for the property, and the finding of the jury that it was understood between the parties at the time the deed was executed that the grantee would not pay anything in excess of that sum, the deed should be construed as binding the grantee to pay interest on the three notes in favor of Kell from the date of the deed only. In this connection it is pointed out that C. J. Barnard was the sole representative of the P. B. M. Company in the negotiations between that company and L. P. Hammond, which resulted in the consummation of the trade, and that, according to his uncontradicted testimony, he accepted the deed when tendered to him by Hammond's agent, Owens, without reading it, and in good faith believing that it correctly embodied the terms of the written contract theretofore entered into as to the purchase price to be paid for the property, and being so assured by Owens. The evidence further shows that the deed was prepared and executed by Hammond and tendered to Barnard, and that Barnard had nothing to do with its preparation, and saw it for the first time when it was tendered to and accepted by him; and, as shown above, the jury found that he did not discover that the deed imposed upon the grantee the assumption of the accrued interest on the Kell notes, as well as interest to accrue after the execution of the deed, if such be the legal effect of that instrument, until three or four weeks after the deed was delivered to him. Counsel for appellees cite in support of that contention several authorities, such as Elmore v. McNealey (Mo. App.) 235 S. W. 164; Burrett v. Stone, 10 Sask. L.

384–387; Fields v. Allen Investment Co., 109 Kan. 582, 201 Pac. 70; Askew v. Bruner (Tex. Civ. App.) 205 S. W. 152; 22 Cyc. 1538–C; Eppes v. Thompson, 202 Ala. 145, 79 South. 611; Bogart v. Noble, 112 Mich. 697, 71 N. W. 320; to which authorities might be added the following, which seem to be along the same line: 1 Black on Rescission and Cancellation, §§ 130; 132–134; 2 Black, §§ 382–402; Altgelt v. Gerbic (Tex. Civ. App.) 149 S. W. 233.

Since the cause is to be remanded for another trial, by reason of the error above pointed out, and in the absence of any allegation of fraud as a basis for recovery, and in view of the fact that the suit is between the alleged assignees of the P. B. M. Company and the defendant, Hammond, who were the only parties to the deed, and is not a suit by the holder of the Kell notes for recovery upon the contract between the parties to the deed, as was the situation of the parties to some of the cases cited by appellees, we shall not undertake to determine upon this appeal the merits of appellees' contention just mentioned.

[2] But we overrule the further contention of appellant that the evidence was insufficient to warrant the submission to the jury of the issue of mutual mistake, in view of the positive testimony of appellant to the effect that the deed correctly embodied the consideration for which he intended to convey the property, and that he would not have closed the trade if he had not understood and intended that the grantee would assume the unpaid accrued interest on the Kell notes, amounting to $936.67, in addition to the payment of $38,500. The jury was not bound to accept as true that testimony, coming as it did from an interested party, and had the right to look to circumstantial evidence, as well as other evidence, in determining the issue of mutual mistake. The contract between the parties, which culminated in the deed, plainly showed that the grantee was not to pay over $38,500 in the aggregate for the property, and if appellant made that agreement in good faith and intended to perform it, then the jury might reasonably conclude that the discrepancy between the contract and deed can be explained upon no other theory except that of mutual mistake in the stipulation in question relative to consideration.

For the error pointed out, the judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

We adhere to the conclusions reached upon original hearing that the testimony of C. J. Barnard was too indefinite to show that plantiffs were the sole owners of the claim asserted against the defendant and upon which a recovery was awarded. The proof on that issue was peculiarly within the knowledge of the plaintiffs, and, if they are the sole owners, they should prove that fact by evidence reasonably definite, which they failed to do. They sued in their own right, claiming ownership in them; hence authorities cited by the appellees, to the effect that it is incumbent upon the defendant by special plea to challenge the right of the plaintiffs to sue in the capacity of the representatives of the other parties in interest, whom they claimed to represent, have no application.

[3] But appellees insist that under the evidence and findings of the jury it was not necessary to a recovery by them that they establish the affirmative of the issue of mutual mistake, alleged in the second count of their petition. In other words, it is contended that under that evidence and the finding of the jury a judgment should have been rendered in their favor, without any finding by the court or jury on the issue of mutual mistake, if it can be said that the evidence was sufficient to show that plaintiffs were the sole owners of the claim sued on. And appellees insist that the correctness of this contention should be determined for the guidance of the trial court, if the cause is to be reversed and remanded.

After careful consideration, we have reached the conclusion that that contention should be sustained. According to Hammond's own testimony, the broker, John W. Owens, represented him in the negotiations leading up to the sale of the property to the P. B. M. Company, and also in the consummation of the trade, and Hammond's testimony, to the effect that he told Owens that he was unwilling to sell the property unless he realized the net sum of $37,500, after paying commission to Owens, was never brought to the notice of his vendee. Furthermore, he admits that he signed the contract to sell the property for the aggregate sum of $38,500, and, aside from the stipulations in the deed, no testimony was introduced from any source to show that, prior to or at the time of the delivery of the deed, the grantee agreed to pay more than that sum for the property. The proof showed without controversy that the deed was executed, delivered, and accepted in order to carry out the written contract of purchase and sale theretofore executed by the parties, and that notice of the secret intention of Hammond to add $936 to the consideration for which he had theretofore agreed to convey the property was not brought home to the grantee before the deed was accepted. The proof was also uncontroverted that Barnard accepted the deed when it was delivered to him by Owens, who was Hammond's agent, without reading it. But Hammond seeks to hold the grantee to the payment of the additional consideration of $936 solely by reason of his contention that by the terms of the deed the grantee assumed the payment of all past-accrued interest on the Kell notes, as well as interest there-

after to accrue, although not specifically so expressed, and by the acceptance of the deed containing that covenant.

It will be observed that in the deed of conveyance the consideration is expressed as "the sum of ($38,500) thirty-eight thousand five hundred dollars, to us paid and secured to be paid by P. B. M. Company, a corporation, as follows." Following that statement are the items constituting the consideration which aggregate $38,500, exclusive of the past-accrued interest on the Kell notes, and there is no language used expressly requiring the vendee to pay that interest as well as interest thereafter to accrue on the Kell notes. But if the contract of the vendee to assume those notes be construed as an assumption of such past accrued interest, then there is an ambiguity between that stipulation and the consideration of $38,500 theretofore expressed as the full consideration for the conveyance which the jury found was the total consideration agreed on between the parties. As noted in our opinion on original hearing, the deed was not prepared by the vendee, but by some one representing Hammond, and was accepted by Barnard for the vendee under the belief and upon the assurance of Owens, Hammond's agent, that it was in compliance with the terms of the prior written contract of Hammond to sell the property.

The following are excerpts from Page on the Law of Contracts, vol. 4, § 2053:

"As between two constructions, each probable, one of which makes the contract fair and reasonable and the other of which makes it unfair and unreasonable, the former should always be preferred."

And in section 2054 the author says:

"If terms of a contract appear on their face to be inserted for the benefit of one of the parties, he will be considered as having inserted such terms and as having chosen the language thereof. Any ambiguity in such language is therefore to be construed more strongly against the party making use of such language. If one party draws the contract and the adversary party has no choice in the selection of the words used or in the arrangements of the sentences or in the punctuation, any ambiguity is to be resolved in favor of the party who did not prepare the contract. * * * Thus a contract of sale has been construed more strictly against the vendor."

Section 2062 reads:

"If the contract is ambiguous so that explanatory evidence is admissible, and such evidence establishes certain facts without dispute, so that only one inference can be drawn therefrom, the construction of such contract is for the court in spite of such ambiguity."

In Amory Manufacturing Co. v. G., C. & S. F. Ry. Co., 89 Tex. 419, 37 S. W. 856, 59 Am. St. Rep. 65, Chief Justice Gaines, for the Supreme Court, said:

"The rule is elementary that, if a written contract when viewed as a whole and in the light of the attendant circumstances reasonably admits of two constructions, that one is to be adopted which is least favorable to the party whose language it is."

And in that case, and by applying that rule of construction, the railway company was held liable for damages to cotton destroyed by fire, which it had accepted for shipment under a bill of lading issued by it, the terms of which were subject to two constructions, one favorable to the railway company, and the other favorable to the shipper. We believe those authorities fully support the conclusion we have reached and which is expressed above.

The appellant did not plead mutual mistake in the drafting of the deed, but relied upon its terms as absolutely binding the purchaser to pay the past-accrued interest on the Kell notes, although he requested the submission of the issue of the mutual mistake to the jury in order to have that issue determined by the jury in the event the court should be of the opinion that it was necessary for plaintiffs to rely for a recovery upon the issue of mutual mistake as pleaded in the second count of their petition. We adhere to our former conclusions upon the submission of mutual mistake, if upon another trial it becomes necessary for any reason for plaintiffs to recover upon that theory; but whether that necessity will arise upon another trial will depend upon the facts developed by the evidence.

The motion for rehearing is overruled.