THE HAMILTON COMPANY *vs.* SIGMUND ROSEN.

APRIL 3, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, and Condon, JJ.

CAPOTOSTO, J.   This action in assumpsit was tried before a justice of the superior court sitting with a jury and resulted in a verdict for the plaintiff for $4,569.90.   Thereafter, defendant's motion for a new trial was granted. The case is before us solely on the plaintiff's exception to this action of the superior court.

This is the same case that was before this court in *The Hamilton Co.* v. *Rosen,* 53 R. I. 346, also on exceptions by the plaintiff after a verdict in its favor had been set aside and a new trial ordered by the trial justice. To avoid repetition, reference is hereby made to that opinion for a general statement of the facts.   But the transcript in the instant case discloses certain additional and material evidence, to which we will presently refer, that was not before the court when it rendered that opinion.   The suit is based upon a deficiency resulting from the foreclosure of a mortgage to the plaintiff upon certain real estate in the city of Providence.   The mortgage was executed by an associate of the broker before the property was deeded to the defendant, and it was foreclosed by the plaintiff after the premises were reconveyed to the defendant by a subsequent grantee who had not assumed the mortgage.

The defendant's original and only defense, as set up in his affidavit of defense to the plaintiff's motion for summary judgment, was that he was released from liability under the mortgage by reason of time extensions granted by the plaintiff to the subsequent grantee without his knowledge or consent.   At the trial in the superior court, the defendant also claimed that he never assumed the mortgage and that he did not know of the assumption clause in his deed until the plaintiff brought this action.

In the first trial of this case, the broker's stenographer, who prepared the deed to the defendant, was not called as a witness by either side.   In this trial, the defendant again closed his case without her testimony, although she resided in Providence and was employed as a clerk by the Providence School Department.   The plaintiff, however, did call

her as a witness in rebuttal. She testified that, before the deed to Rosen was drawn, she heard Rosen, the defendant, Dunlop, the broker's associate and intermediary in the deal, and Todd, the broker, discussing the situation and that Rosen then agreed to protect Dunlop on the mortgage. She further testified that Todd and Rosen were "making money together"; that Rosen always looked over the papers in a business transaction, and that in this particular instance Rosen examined the deed after it was executed and before it was recorded.

In the trial of this case, the defendant was permitted to present to the jury every defense that he deemed necessary, including grounds that he had not even referred to in his original affidavit of defense. Whether this was proper in view of the provisions of the summary judgment statute (P. L. 1929, chap. 1343) is not before us. The fact remains, however, that the defendant was treated with considerable liberality. The testimony was decidedly conflicting and reasonably subject to different interpretations. As the case was tried, the defendant's liability depended upon the determination by the jury of the three issues raised during the trial: (1) The defendant's knowledge of and agreement to be bound by the mortgage assumption clause in the deed to him; (2) the defendant's repudiation of that clause upon discovery, if he was originally unaware of its insertion in the deed; and (3) the defendant's release from liability if time extensions were granted to the subsequent grantee without the defendant's consent. These issues were submitted to the jury under instructions that were acceptable to the defendant, and from their general verdict we will assume that they were all determined in favor of the plaintiff.

It is unnecessary for us to consider the third issue above stated, for the trial justice instructed the jury that, under the circumstances in evidence, the defendant was not liable if the plaintiff had granted time extensions to the subsequent grantee without the defendant's consent. This instruction was most favorable to the defendant. The jury

apparently decided the issue against the defendant and the evidence reasonably warrants this conclusion.

It is well settled in this state that a mortgagee of real estate may maintain an action in assumpsit in his own name against a purchaser of the real estate who assumes to pay the mortgage. By bringing his action against the purchaser, the mortgagee signifies his acceptance of such purchaser as the debtor. The reasons for this rule, which is of long standing with us, are fully stated in *Urquhart* v. *Brayton*, 12 R. I. 169, and in *Mechanics' Savings Bank* v. *Goff*, 13 R. I. 516. Jurisdictions adopting this rule hold that the purchaser is liable for a deficiency arising under a foreclosure of the mortgage. Restatement of the Law of Contracts, 161, Ill. 2; *Roberts* v. *Fitzallen*, 120 Cal. 482; *Wager* v. *Link*, 134 N. Y. 122; *Palmeter* v. *Carey*, 63 Wis. 426. We see no reason for holding otherwise.

The trial justice in his rescript in the instant case says that the facts are essentially the same as found by another justice "in his rescript filed after the previous trial of this case." He then reviews the testimony of various witnesses but fails to make any reference or give any consideration to the testimony of the broker's stenographer, which, if believed, would charge the defendant with direct knowledge of the mortgage assumption clause in his deed. In this respect, at least, the instant case is materially different from the case presented in the previous trial.

The rescript further shows that the trial justice did not give due consideration to all the grounds upon which the jury could have found the defendant liable under his charge. After stating that the suit was defended on the ground that the assumption clause was inserted in the defendant's deed without his knowledge or consent, and on the further ground that the extension of time to the subsequent grantee released the defendant, he concludes by saying that a determination in favor of the defendant of the first ground alone was sufficient to require the granting of the defendant's motion for a new trial. In reaching this conclusion, the

trial justice overlooked an important ground upon which the defendant's liability could be predicated and which he submitted to the jury, namely, that it was the defendant's duty to repudiate the assumption clause upon discovery, if he was originally unaware of its insertion in the deed to him. *The Hamilton Co.* v. *Rosen, supra; Bogart* v. *Phillips,* 112 Mich. 697. When the defendant actually became aware of that clause, if it really was inserted in the deed without his knowledge, and what he did following such discovery were questions of fact that the jury had a right to consider in reaching their verdict.

On a motion for a new trial it is the duty of the justice who presided with the jury to consider all the evidence upon all the material issues in the case, applying in such consideration his conclusions as to the credibility of the witnesses and the value which should be placed upon their testimony. When such a motion is determined adversely to a verdict we will assume that he has reached his decision in this manner, unless it appears that his determination is based upon other considerations. *Surmeian* v. *Simons,* 42 R. I. 334. In the consideration of a motion for a new trial the parties are entitled to have the justice presiding pass his judgment solely on the evidence presented at the trial before him. We will not give the decision of a trial justice granting a new trial the great weight that we would otherwise accord such a decision, if, from our examination of the transcript, it is apparent to us that his decision was based upon a misconception of the evidence or that he omitted to consider evidence supporting a proper ground of decision in favor of the party adversely affected by his decision.

For the reasons that we have already stated, the disapproval by the trial justice of the verdict in the instant case is not entitled to the weight to which such a disapproval is ordinarily entitled. Bearing this in mind, we have carefully considered and weighed the evidence and are of the opinion that the jury's verdict is so adequately supported by the documentary evidence and credible testimony that

it should be sustained by us, notwithstanding the adverse decision by the trial justice.

The plaintiff's exception is sustained. The case is remitted to the superior court with direction to enter judgment on the verdict for the plaintiff.

*Charles H. Eden* for plaintiff.

*Frank H. Bellin* for defendant.