### SCHRAM v. MARION.

No. 2125.

District Court, E. D. Michigan, S. D.

April 30, 1942.

Robert S. Marx, Lawrence I. Levi, and Ethan C. Prewitt, all of Detroit, Mich., for plaintiff.

S. Baer Keidan, of Detroit, Mich., for defendant.

LEDERLE, District Judge.

In accordance with an order entered herein and served upon counsel of record, Mr. Ethan C. Prewitt, representing plaintiff, and Mr. S. Baer Keidan, representing defendant Edgar B. Marion, appeared before this court on April 27, 1942, for a hearing to consider and determine matters within the purview of Rule 16 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

This suit involves a claim by B. C. Schram, Receiver of First National Bank-Detroit, an insolvent national banking association, of this District, against Barnett Shapiro, Isadore Woron and Edgar B. Marion, citizens and residents of this District. The bases of this action are two notes and mortgages, made and signed by defendants Shapiro and Woron and their wives, in favor of plaintiff's predecessor bank, and now owned and held by plaintiff, and two warranty deeds from said defendants Shapiro and Woron and their wives to defendant Edgar B. Marion and wife, covering the involved properties, by the express terms of which warranty deeds the

grantees assumed and agreed to pay the involved mortgages. Plaintiff claimed judgment against the three named defendants for the difference between the amount due on said notes and mortgages and the amount realized from the mortgage foreclosure sales of the involved properties. Such being a case in connection with winding up the affairs of a national banking association, this court has jurisdiction under 28 U.S.C.A. § 41(16).

No appearance having been made on behalf of defendants Shapiro and Woron, the mortgagors, testimony was taken and judgment entered against them.

In accordance with directions contained in said order for pre-trial hearing, counsel submitted proposed findings of fact and conclusions of law. The proposed findings of fact of defendant Marion were in line with the affirmative matters specially pleaded in his answer, namely, that there was no consideration between said mortgagors and defendant Marion for the assumption clause contained in said warranty deeds, no intention between them that defendant Marion should assume said obligations, and no act, forbearance or reliance upon such assumption clauses by any of the parties hereto or their predecessors which would create an estoppel in bar of defendant Marion's special plea of no consideration.

Briefly, these contentions are based upon the following facts: The mortgagors, defendants Shapiro and Woron, were partners. Differences arose between them and they decided to dissolve their association and divide their properties. Defendant Marion, a friend, agreed to act as the conduit through which joint property of the two partners and their wives should pass for the creation of separate entirety estates in the partners and their respective wives in various properties, each partner to personally assume indebtedness on the property which was so deeded to him and his wife. In execution of this arrangement sets of deeds were prepared. All the property of defendants Shapiro and Woron and their wives was deeded to defendant Marion and his wife, including the properties and deeds here in question. Immediately thereafter defendant Marion and wife executed deeds whereby all such property was re-conveyed by them, part to defendant Shapiro and wife, and the remainder to defendant Woron and wife. There was no intention on the part of anyone to the transaction that defendant Marion should assume any liability in connection therewith, nor was there any consideration for any assumption of liability by him.

Counsel for plaintiff conceded that defendant Marion was entitled to have the court find the facts in accordance with said defendant's proposed findings, and conceded that plaintiff had no additional evidence to offer.

Upon these admissions and concessions I must, and do, find that the assumption clauses in the deeds from defendant Shapiro and Woron and their wives to defendant Marion and wife were inserted by mistake, were never intended to be binding, were without consideration, and further that there is nothing in this record to estop defendant Marion from so contending.

The rights of the mortgagee, the would-be "third party beneficiary", under 1937 Mich.Public Act No. 296, are derivative, and with respect to the assumption clause in the deeds, except in cases of estoppel, are affected by the invalidity or avoidability of the clause as between grantor and grantee.

The assumption clauses here in question never became valid or enforceable as between grantors and grantees because inserted by mistake, without intent that liability should attach to the grantees, and without any consideration, and there is nothing to estop defendant Marion from so contending. Guardian Depositors Corp. v. Brown, 290 Mich. 433, 287 N.W. 798; Bogart v. Phillips, 112 Mich. 697, 71 N.W. 320; See note in 100 A.L.R. 911.

Consequently, judgment of no cause of action shall be entered in favor of defendant Edgar B. Marion and against plaintiff B. C. Schram, receiver, without costs to either party.