BROADBENT, Appellant, vs. HUTTER, Respondent.

*May 3—May 23, 1916.*

*Mortgages: Deed absolute in form: Assumption of mortgages: Mistake: Reformation: Laches.*

A warranty deed containing a clause by which the grantee assumed two mortgages on the premises was given to such grantee merely as security on his previous indorsement of a note of the grantor. Said assumption clause was inserted by accident and mistake and there was no consideration therefor. The grantee had not asked for security or a deed, and did not examine the deed or learn its contents until some two years later. In an action against such grantee to enforce liability for the mortgage debts, it appearing that his receiving and holding the deed and failure to discover the assumption clause had not in any way damaged the plaintiff, it is *held* that defendant was entitled to have the deed reformed by striking out such clause and to have it adjudged to be a mortgage executed as security only. *Bostwick v. Mut. L. Ins. Co.* 116 Wis. 392, and *Van Beck v. Milbrath*, 118 Wis. 42, distinguished.

APPEAL from a judgment of the circuit court for Sauk county: JAMES O'NEILL, Judge.    *Affirmed.*

The plaintiff sold real estate situate in Grant county, Wisconsin, to E. H. Hutter, brother of defendant, *William H. Hutter.*    E. H. Hutter, in payment of part of the purchase price, made, executed, and delivered to the plaintiff a note for $1,280 and a mortgage upon the real estate sold to him by plaintiff to secure said note.    At the time E. H. Hutter ex-

ecuted this note and mortgage there was outstanding a $2,500 note and mortgage which was given by plaintiff while he owned the property. Subsequent to the execution of the mortgage by E. H. Hutter to the plaintiff said E. H. Hutter transferred the real estate to his brother, *William H. Hutter,* defendant herein. After the conveyance by E. H. Hutter to defendant the holder of the first mortgage for $2,500 fore-closed; the property was sold and a deficiency judgment rendered in favor of the mortgagee against the plaintiff for $1,026 and interest.

The present action was brought to enforce liability against the defendant for the note of $1,280 and interest secured by mortgage, which the plaintiff claims the defendant assumed under the deed from E. H. Hutter to defendant, and also to enforce liability against the defendant for $1,026 and interest, deficiency judgment, above referred to.

The defense made by defendant was that the deed from E. H. Hutter was in fact a mortgage, and that there was no consideration for the agreement on the part of the defendant to assume the outstanding notes and mortgages.

At the close of the evidence a motion was made to amend the answer so as to set up the facts necessary to show a right to reform the deed from E. H. Hutter to defendant so as to eliminate the clause therein providing for the assumption of the previous incumbrances so as to conform to the proofs in the case. The court below found that E. H. Hutter on and prior to November 10, 1910, was the owner of the real estate in question; that said E. H. Hutter made and delivered to the plaintiff the note and mortgage referred to in the complaint; that on March 4, 1911, said E. H. Hutter and wife executed an instrument in form a warranty deed purporting to convey said real estate to defendant, which deed contained the following clause: "As a part of the above consideration the grantee assumes and agrees to pay a certain mortgage on said described premises in favor of A. J. Garner dated April 4,

1908, for $2,500. Also a mortgage for $1,280 to *Fred Broadbent* dated November 10, 1910;" that the mortgage in favor of said Garner was foreclosed and a deficiency judgment of $1,026 rendered on said foreclosure; that the defendant at the request of E. H. Hutter has conveyed his interest in said premises; that plaintiff has never been paid any part of said $1,280 mortgage, except interest for one year, and there is due him thereon $1,280 and interest; that said writing, in form a deed, executed by said E. H. Hutter and wife to defendant was intended by the grantors to be security to secure the defendant for indorsing a note of $200 for E. H. Hutter; that said deed was in fact a mortgage, and defendant was not a purchaser of said real estate and received and held said deed only as security; that E. H. Hutter is insolvent and has neglected to pay said note; that defendant did not request his brother to execute said deed or give him any security for said indorsement, but E. H. Hutter executed such deed, had it recorded, and sent it to defendant in an envelope; that the defendant, not being interested in his brother's affairs, kept the deed in an envelope without opening the same or examining the contents of the deed; that later defendant conveyed said premises to a party who purchased the same from E. H. Hutter; that defendant had no knowledge of the assumption clause in said deed until an action was commenced to foreclose the Garner mortgage and the complaint served upon him; that defendant never entered into any contract with his brother to assume or pay said mortgages nor was there any consideration for any such contract or agreement; that the clause in said deed was inserted by accident and mistake and without any intention on the part of defendant to accept said deed as security with any such agreement to assume the payment of said mortgages; that as said deed was executed as security only, defendant had no reason to suspect that any such clause making him liable to pay mortgages would be written therein, and the court found defend-

ant under the circumstances was not negligent in failing to read said deed to see what its contents were; that plaintiff has not been damaged by the conduct of defendant in receiving and holding said deed, or by any negligence of defendant in not discovering said clause in said deed; that plaintiff has not paid the deficiency judgment rendered against him in the Garner foreclosure; that it would be grossly unjust, inequitable, and a great hardship to require defendant to pay the mortgages referred to, on the ground that said clause was written in said deed by accident and mistake.

The court concluded that said deed should be adjudged to be in fact a mortgage executed as security only; that said deed should be reformed and said clause providing for assumption of said mortgages be stricken therefrom, on the ground that the same was inserted by accident and mistake; and that the complaint be dismissed with costs.

Judgment was entered accordingly, from which this appeal was taken.

For the appellant there was a brief by *P. C. Pitkin,* attorney, and *Grotophorst, Evans & Thomas,* of counsel, and oral argument by *Mr. Evan A. Evans* and *Mr. Pitkin.*

*Thos. W. King,* for the respondent.

KERWIN, J.    It is without dispute that the deed to defendant was executed and delivered by E. H. Hutter for the purpose of securing defendant on his indorsement of a note of E. H. Hutter for $200.    It is also established that defendant did not require security, never asked that the deed be given, and in fact knew nothing of the terms of it when it was delivered to him.    The deed was not delivered to defendant when he indorsed the note for E. H. Hutter, nor mentioned, but sometime afterwards E. H. Hutter caused the deed to be executed and recorded and delivered it to the defendant, *William H. Hutter,* saying that he desired to secure him on the indorsement.    The deed when delivered to defendant was

inclosed in an envelope and put away by him and never read or examined until the papers in the foreclosure suit were served upon him.

The findings of fact are well supported by the evidence and support the judgment.

1. It is first insisted by counsel for appellant that defendant promised to pay the indebtedness covered by the two mortgages on the property and is absolutely liable on such promise. But it is established without dispute that the deed to defendant was given as security and that the provision assuming the mortgage indebtedness was inserted in the deed to defendant by accident and mistake.

2. It is further contended by appellant that the defendant was bound to know the contents of the deed delivered to him, and that he could not lay it aside for two years without examination and then ask to be relieved from the terms thereof, and relies upon the doctrine of *Bostwick v. Mut. L. Ins. Co.* 116 Wis. 392, 89 N. W. 538, 92 N. W. 246, and *Van Beck v. Milbrath,* 118 Wis. 42, 94 N. W. 657.

But the case here is clearly distinguishable from the cases relied upon by appellant. Here there was nothing whatever to put the respondent on inquiry. The deed was made and recorded by his brother, E. H. Hutter, and delivered to defendant as security without any intention on the part of the grantor or defendant that it was given for any other purpose. In the *Bostwick* and *Van Beck* cases the controversy was between the parties to the contract. Here there is no controversy between the parties. It is admitted by both parties to the deed that the assumption clause has no place in it.

The deed having been given merely as security, there was no consideration for the alleged assumption of liability contained therein, and evidence was competent to show that the deed was given merely as security. *Smith v. Pfluger,* 126 Wis. 253, 105 N. W. 476; *Corbett v. Joannes,* 125 Wis. 370, 388, 104 N. W. 69.

It was found by the court below upon sufficient evidence that the plaintiff was not damaged by the conduct of the defendant in receiving and holding the deed or in not discovering the assumption clause until suit was commenced.

The motion to amend the answer at the close of the evidence by setting up a claim for reformation of the deed was proper and the evidence ample to support the findings to the effect that defendant was entitled to reformation. We think the case was correctly decided below, therefore the judgment must be affirmed.

*By the Court.*—Judgment affirmed.