## CUSHING v. NEWBERN et al.

No. 9304.　Opinion Filed May 13, 1919.

Rehearing Denied Sept. 9, 1919

(Syllabus by the Court.)

1. **Bills and Notes—Evidence—Burden of Proof.**

In an action upon a promissory note, where certain defendants, who have executed the note, file an answer admitting the execution of the note, but fail to introduce any evidence, and the plaintiff introduces the note, it is error for the court to render judgment against the plaintiff.

2. **Mortgages—Purchaser Assuming Mortgage.**

In an action upon a promissory note secured by a real estate mortgage, and against the purchaser of the property, who in his deed of conveyance promised and agreed to pay the mortgage debt, where service of summons is had upon him, and he fails to answer, and the plaintiff introduces the note and mortgage, and the deed showing that the purchaser had promised and agreed to pay the mortgage, it is error for the court to render judgment against the plaintiff.

3. **Same—Assumption of Debt—Alteration of Deed.**

In an action against the signers of a promissory note secured by real estate mortgage, and the purchaser of the property, in whose deed of conveyance was inserted the clause binding the purchaser to assume and pay the mortgage debt, where the purchaser pleads and proves by competent evidence that said clause was inserted in the deed by the scrivener, contrary to the contract of the parties, and that there was no consideration for the inserting of said clause in said deed, and the same was inserted without the knowledge or consent of the parties, said fact is a good defense to said action, in so far as the personal judgment against the purchaser is concerned, and the mortgagee cannot avail himself of said mistake.

4. **Abatement and Revival—Transfer of Interest Pending Action—Substitution of Parties.**

In an action to quiet title, an action does not abate by the transfer of any interest of the plaintiff therein during the pendency, and, if the plaintiff has transferred his interest, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by Francis J. Cushing against S. C. Newbern and others, with intervention by Lucy Harjo. From judgment for defendants and intervener, plaintiff brings error. Reversed as to defendants S. C. Newbern, Emma Newbern and Ed. F. Miller, with direction to enter judgment against them, and affirmed as to defendant A. T. Smart and intervener.

Tibbetts & Green, for plaintiff in error.

B. C. King, for defendant in error Harjo.

Wimbish & Duncan, for defendant in error Smart.

McNEILL, J. This action was commenced in the district court of Pontotoc county by Francis J. Cushing against S. C. Newbern. Emma Newbern, Ed. F. Miller, and A. T. Smart et al., asking personal judgment against S. C. Newbern and Emma Newbern upon a promissory note executed by them. and to foreclose a real estate mortgage given to secure said indebtedness. The petition further alleged that Ed F. Miller and A. T. Smart had purchased said property, and in the deed of conveyance to each of them had assumed the mortgage indebtedness against said property, and agreed to pay the same. and asked personal judgment against each of them.

Lucy Harjo intervened, claiming title and possession of the mortgaged premises, and asked to have her title quieted as against the plaintiff and all of the defendants. The defendant Smart answered that he had purchased said premises, but that there was no agreement to assume the indebtedness or to pay the mortgage against said premises, and that the scrivener, in writing said deed, had made a mistake in inserting said fact in the deed; and in answer to the plea of intervention of Harjo the defendant Smart answered that she had brought suit in a former action for possession of said land, and that he had made a settlement with the intervener, and in settlement of the same she had executed a mortgage in the sum of $3,000, and he was the holder of the mortgage, and asked to have the same foreclosed. The plaintiff replied to the answer of Smart, and asked that the interest of Smart in said mortgage be subject to the lien of the plaintiff, and. if plaintiff's lien was of no force and effect. that he be subrogated to the amount of his mortgage in the mortgage of A. T. Smart in said premises. The plaintiff, in reply to the plea of intervention, moved to dismiss the plea of intervention of Lucy Harjo, for the reason that she had sold and disposed of all her interest in the property after the filing of the plea of intervention, set forth a copy of her deed, and asked to have her plea of intervention dismissed, for the reason that she had no interest in the subject-matter and could not maintain her action. Plaintiff's motion to dismiss was overruled, to which he excepted, and plaintiff filed an answer to the plea of intervention, setting forth the fact that Lucy Harjo had disposed of her interest, and was not the party in interest in the plea of intervention, and again attached to the reply a copy of the deed of conveyance from Lucy Harjo to Edna E. King, and asked that she take nothing by said suit, for the reason she had no interest in the premises.

Francis J. Cushing died. and the case was revived in the name of Ada T. Cushing, executrix of the estate of Francis J. Cushing, deceased. The court below rendered judgment against said plaintiff and in favor of all the defendants and the intervener. Plaintiff brings case here, and asks for a reversal of said judgment.

It was conceded that Lucy Harjo inherited this land, she being a full-blood Chickasaw Indian; that she had conveyed the same to the American Trust Company, and that the American Trust Company conveyed the same to Newbern, who mortgaged the same to the plaintiff. Newbern conveyed the same to Ed. F. Miller, and he conveyed the same to Smart. It was further agreed that the deed from Lucy Harjo to the American Trust Company was dated April 8, 1907. It was also admitted that the deed from Lucy Harjo to the American Trust Company conveyed no title.

This suit involves several separate and distinct issues. The first question argued by the plaintiff in error is "that the court erred in not rendering judgment against the defendants S. C. Newbern and Emma Newbern." The defendants Newbern filed an answer. The plaintiff introduced the note, and no evidence was introduced on behalf of the defendants Newbern. It was therefore error for the court to render judgment against said plaintiff.

The second proposition argued by plaintiff in error is, "that the defendant Ed. F. Miller was personally served with summons and filed no answer, and the court erred in not rendering judgment against Miller. The plaintiff introduced the deed showing that the defendant Miller had purchased said property and assumed to pay this mortgage in the sum of $1,750. The defendant Miller made no defense. It therefore follows that the court committed error in rendering judgment in favor of the defendant Miller.

The third contention argued by plaintiff in error relates to the defendant Smart. The evidence disclosed that Smart purchased 200 acres from Miller, and that in obtaining the deed a mistake was made, and it only described 40 acres. This deed contained the provision that it was subject to the mortgage of the plaintiff herein. Thereafter a new deed was obtained from Miller to Smart to the other 160 acres, but without any other consideration passing between the parties, and that deed contained the provision that it was purchased subject to the mortgage of plaintiff, and the defendant Smart had assumed and agreed to pay the same. The court, in making his findings, found that there was no consideration for Smart assuming and agreeing to pay the mortgage indebtedness, and further found there was a mis-

take in the deed delivered to A. T. Smart by Miller, and that Smart at no time agreed to pay the indebtedness of the plaintiff herein, and that the scrivener inserted that provision in the deed without any authority. There was sufficient evidence to sustain said finding. There was no direct evidence that any such a contract existed between Smart and Miller, but the agreement to assume the mortgage indebtedness was written in the deed by the scrivener. The Supreme Court of Colorado, in the case of Lloyd v. Lowe, 165 Pac. 609, L. R. A. 1918A, 999, states:

"If the scrivener by mistake, contrary to the contract of the parties and without their knowledge, inserts a clause in the deed binding the grantee to assume a mortgage, the mortgagee cannot avail himself of it."

This was the theory of the defendant Smart, having pleaded said fact and the evidence being sufficient to sustain the same. We therefore hold that the court did not commit error in so finding.

The plaintiff then argues the question of subrogation in so far as defendant Smart is concerned; but, the court having found that the defendant Smart was not liable for said indebtedness, the question of subrogation could not arise. The judgment, in so far as Smart is concerned, is affirmed.

As to the intervener, Lucy Harjo, the plaintiff argues that, by reason of her having disposed of her interest prior to the termination of the suit, she could no longer maintain her action to quiet title. Section 4695 of the Statutes (Rev. Laws 1910) provides as follows:

" * * * In case of any other transfer of interest, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action."

It appears that this statute is controlling in the case at bar, and the plaintiff presented no authority or reason why this statute should not govern. We therefore hold that in the case at bar the statute will govern, and it was not error to permit Lucy Harjo to continue to prosecute the case in her name.

The judgment is therefore reversed, as far as S. C. Newbern and Emma Newbern and Ed. F. Miller are concerned, with directions to enter judgment against said defendants for the amount of the note, interest, and attorney fees, but affirmed as far as A. T. Smart and Lucy Harjo are concerned.

SHARP, RAINEY, HARRISON, PITCHFORD, and JOHNSON, JJ., concur.