CITIZENS BANK OF SPRINGFIELD, Appellant, v. W. S. THOMAS and A. A. THOMAS, Respondents.[*]

Springfield Court of Appeals, July 2, 1924.

1. MORTGAGES: Purchaser May Repudiate Clause in Deed not Conforming to Contract of Purchase, and the Taking Possession of the Land, Receiving Rents and Paying Interest on the Encumbrance are not Necessarily Acts Which Will Estop Him from Repudiating Clause. Where a written contract of purchase and sale has been entered into in which the purchaser is taking the property subject to a prior encumbrance, he may repudiate a clause in the deed which is made to him, requiring him to assume and pay the encumbrance, placed in the deed by the grantor without the knowledge of the grantee, and that taking possession of the land, receiving rents from it, paying interest on the encumbrance, are not necessarily acts which will estop him from setting up fraud or mistake.

2. PURCHASER HELD NOT GUILTY OF NEGLIGENCE, AS A MATTER OF LAW, IN ACCEPTING DEED NOT CONFORMING TO CONTRACT. Where purchaser has written contract defining his rights and obligations, he may rely upon the scrivener drawing the deed in conformity with the contract, and that by not reading the deed he is not guilty of such neglect as will bar him, as a matter of law, from repudiating the clause which found its way into the deed in contradiction of his written contract and without his express consent or authority.

3. **MORTGAGES:** Evidence Held to Show That Clause in Deed, Not in Contract of Purchase, Inserted by Mistake. Where contract for purchase and sale of land did not require grantee to pay certain encumbrance, and deed, executed in pursuance thereof, requiring such payment, was delivered without further discussion to grantee, who did not read it, *held* that, in absence of fraud, the only conclusion was that clause requiring payment got into deed by mistake.

\*Headnote 1. Mortgages, 27 Cyc, p. 1346;  2.  Mortgages, 27 Cyc, p. 1346;  3.  Mortgages, 27 Cyc, p. 1347.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby,* Judge.

AFFIRMED.

*Noon & Coltrane* for appellant.

(a) Plaintiff's contention was and is that if the memorandum could be construed as complete in itself and excluded the assumption clause yet that agreement was merged in and controlled by the deed as to W. S. Thomas when he accepted the deed and either read it at the time or had full opportunity to read it, and that the rights and liabilities of the parties are defined and limited by the terms of the deed.   Barger v. Healy, 276 Mo. 145.   (b) Thomas first testified positively that nothing was said one way or the other about assuming the mortgage at the time the agreement was drawn but later, upon suggestive questions from his counsel, testified differently.   MacDonald v. Wolff, 40 Mo. App. 309.   (c) If a contractor makes a bid to do certain work and the bid is accepted, he cannot set up the fact that the contract which was finally entered into was different from his bid which was accepted.   Taylor v. Fox, 16 Mo. App. 527. (d) Thomas neither pleads nor proves that he was in the exercise of ordinary care and prudence.   This is an indispensable element of a defense of this character where the party tries to escape the consequences of a written obligation.   Breeders Co. v. Wright, 134 Mo. App. 721;

Manufacturing & Importing Co. v. Carls, 116 Mo. App. 591; England v. Houser, 178 Mo. App. 85; Sandbrook v. W. L. Morrison Inv. Co., 239 S. W. 548, 209 Mo. App. 610; Crim v. Crim, 162 Mo. 544; Grand Lodge v. Sater, 44 Mo. App. 454. (e) The undisputed testimony is that Clark told Sanders that Thomas would have to assume this mortgage. Smith v. Farrell, 66 Mo. App. 8; Graham Paper Co. v. Print. & Pub. Co., 79 Mo. App. 504. (f) Equity will not, therefore, relieve against mistake by way of reformation, when the party complaining had within his reach the means of ascertaining the true state of facts, and, without being induced thereto by the other party, neglected to avail himself of his opportunities for information. Williams v. Hamilton, 65 Am. St. Rep. 500, (Note); Brown v. Fagan, 71 Mo. 563; Davis v. Ins. Co., 81 Mo. App. 264; Picot v. Page, 26 Mo. 398, 415. (g) The party asking relief in equity must stand upon some equity superior to that of the party against whom he seeks it. Henderson v. Dickey, 35 Mo. 120. (h) Clark had agreed with the cashier that Thomas would be required to assume the mortgage. Under these circumstances the cashier had a right to rely upon the fact that the assumption clause was in the deed and Thomas is estopped from asserting that the assumption got into the deed by reason of his carelessness. 21 C. J., p. 1170; Scotland Co. Nat'l Bk. v. O'Connel, 23 Mo. App. 166; Bank of Billings v. Wade, 73 Mo. App. 558; Baade v. Cramer, 278 Mo. 516, 213 S. W. 126. (i) There is no pretense that Mr. Moon was acting under the instructions of any one but Mr. Clark when he wrote the deed. The deed was drawn strictly in accordance with Clark's instructions. It has been expressly held in this State that this does not constitute a mutual mistake. Brocking v. Straat, 17 Mo. App. 296; Dougherty v. Dougherty, 204 Mo. 240; Benn v. Pritchett, 163 Mo. 571. (j) "This mistake must be mutual, and not unilateral. That is to say, both must agree to what the instrument shall contain, and both must act in executing it upon the belief that it is so written." Robinson v. Korns, 250 Mo. 675; Meek v. Hurst, 223 Mo. 696. (j—1) The rule is that where a

contracting party receives an instrument without examining it or retains it for a long time without objection, such party is conclusively presumed to have accepted the instrument as written and to have consented to a different contract from the one he originally agreed should be made. Deming Inv. Co. v. Wasson, 192 S. W. 764; Overton v. Ins. Co., 79 Mo. App. 4; Young v. Marion-Sims College, 91 Mo. App. 219; American Ins. Co. v. Neiberger, 74 Mo. 167; Crim v. Crim, 162 Mo. 544; Bennett Sa. Bk. v. Smith, 171 Iowa, 405, 152 N. W. 717; Ely v. Sutton, 177 Mo. App. 546; Reddick v. Union Elec. Light & Power Co., 243 S. W. 382. (j—2) The agreement to assume the deed of trust in controversy is a part of the contract itself and cannot be changed or varied by parol evidence any more than any other provisions therein. Duncan v. Spencer, 211 S. W. 698; Jackson v. Chicago, St. P. & K. C. R. Co., 54 Mo. App. 636; Klein v. Isaacs, 8 Mo. App. 568; Heim v. Vogel, 69 Mo. 535. (j—3) The evidence fails to support the defense of fraud. The rule is well settled that where a person can read and write and no trick, fraud or deception is shown in getting him to sign or to accept a contract, he cannot avoid it by showing that the other party claimed that it was not to be effective or that it contained other provisions than what were really in it. The courts go so far as to hold that if a man cannot read and members of his family or friends are standing by who can, it is his duty to call on them to apprise him of the contents of the instrument presented. If he does not do so he is bound by the instrument. Deming Ins. Co. v. Wasson, 192 S. W. 764; Johnston v. Cov. Mut. Life Ins. Co., 93 Mo. App. 590; Spelman v. Railroad, 187 Mo. App. 119; England v. Houser, 178 Mo. App. 70. (k) It matters not what the agreement was if the complaining party negligently fail to read the contract he has his own negligence to charge with his loss and has no ground on which to seek a reformation. Spelman v. Railroad, 187 Mo. App. 126. (1). By the acceptance of a deed which provides that the grantee shall assume and pay a specified mortgage, he binds himself as effectually as he would by executing the deed himself as an indenture.

This condition becomes an express agreement on his part for the fulfillment of which he is personally liable not only to his grantor, but the benefit of it enures to the mortgagee who may enforce it directly against such purchaser. 1 Jones on Mortgages, (1 Ed.), sec. 752; Taylor v. Florida East Coast Ry. Co., 127 Am. St. Rep. 155; Hickey v. Lake Shore, etc. Ry. Co., 46 Am. St. Rep., 545; Wood v. Murphy, 47 Mo. App. 539. (m) It needs no authority to prove that if the conveyance there are words importing that the grantee will pay the debt, he is deemed to have entered into an express undertaking to do so, although he does not sign or seal the instrument. The acceptance of a deed containing such language is evidence of the most satisfactory kind that he has promised to do what the deed says he is to do. Belmont v. Coman, 22 N. Y. 438; Atlantic Dock Co. v. Leavitt, 54 N. Y. 35, 13 Am. Rep. 556. (n) It is true that he went through the form of a foreclosure to get the other tract but he was taking advantage of his position as owner to negotiate with the holder of the note, the plaintiff in this case, for a sale of the premises for the amount of the note and costs of sale whereby he could get the property. He cannot take the benefits of the transaction and repudiate its burdens. Keller v. Ashford, 133 U. S. 610, 33 L. Ed. 667; Ver Planck v. Lee, 19 Wash. 492, 53 Pac. 724; Coolidge v. Smith, 129 Mass. 554; Halloway v. Mountain Grove Creamery Co., 286 Mo. 489; Fox v. Windes, 127 Mo. 511, 512; Miller v. Thompson, 34 Mich. 10. It is well established that by the acceptance of a deed containing a stipulation to pay a mortgage the grantee becomes personally liable to pay the mortgage as effectually as if he had joined in the execution of the deed, and under ordinary circumstances where he had the opportunity to read the deed he cannot plead ignorance of the provision in the deed requiring him to pay. Bennett Sav. Bank v. Smith, 171 Iowa, 405, 152 N. W. 717; Muhlig v. Fiske, 131 Mass. 110; Miller v. Thompson, 34 Mich. 10; Ver Planck v. Lee, 53 Pac. 724; Weaver v. McKay, 108 Cal. 546, 41 Pas. 450; Atlantic Dock Co. v. Leavitt, 54 N. Y. 35, 13 Am. Rep. 556.

*Mann & Mann* for respondents.

(a) The whole liability in cases of this character is based on contract. The respondents never having agreed to assume and pay appellant's encumbrance against the land the covenant to that effect in the deed was void. Johnson v. Maier, 194 Mo. App. 169; Shields v. McClure, 75 Mo. App. 631; Lloyd v. Lowe, L. R. A. 1918-A, 999, 1002-1003; Citing and approving this court in Johnson v. Maier, supra; Bull v. Tettsworth, 29 N. J. Eq. 73; Elliott v. Sackett, 108 U. S. 132, 27 L. Ed. 678; Drury v. Hayden, 111 U. S. 223, 28 L. Ed. 408. (b) Neither the payment of interest, nor even the sale of the land itself would operate as an estoppel. Respondent owned the equity in any event, and was entitled to the rents, and to pay the interest for the protection of his equity. All the elements of estoppel are absent. Appellant bank never at any time changed its condition on account of any act of respondents. It continued to have the same security that it always had. Elliott v. Sackett, 108 U. S. 132, 27 L. Ed. 678; Johnson v. Maier, 194 Mo. App. 169; Shields v. McClure, 75 Mo. App. 631; Snell v. Insurance Co., 98 U. S. 85, 25 L. Ed. 52. (c) The fact that the original contract and only contract between the parties, Thomas and Clark, exhibit "i," recites with reference to the farm that it is sold "with" an encumbrance, does not bind or obligate Thomas in any way to assume and pay the encumbrance. There must be actual words importing that the grantee will pay the debt in order to render him liable. Elliott v. Sackett, supra; Lloyd v. Lowe, L. R. A. 1918-A, 1002. (d) Parol evidence is admissible to show that Thomas did not in fact assume and agree to pay the deed of trust. It all goes to the consideration and does not vary the terms of the contract and does not add to, vary or contradict the provisions of the deed. Jones v. Sheppard, 145 Mo. App. 470; Wheeler v. Land Company, 193 Mo. 279; Bersieck v. Cook, 110 Mo. 173; Grace v. Gill, 136 Mo. App. 186-191; Shelby v. Cunningham, 25 L. R. A. (N. S.) 1194; Note page 1202.

BRADLEY, J.—This is a suit based on a covenant in a warranty deed made to the defendants wherein it is provided that the defendants, who were the grantees in the deed, assumed and agreed to pay a note of $2000, given to plaintiff herein by W. E. Clark and his wife Wynafred G. Clark, the grantors in the deed, and secured by second deed of trust on land conveyed to defendants. The judgment went for defendants in the trial court, the cause being tried by the court sitting as a jury, and the plaintiff appeals.

Defendants are husband and wife, and when we use the term defendant we have reference to W. S. Thomas, because it was he who made the deal, and the defendant concerned in the first instance.

It appears from the evidence that Clark and the defendant W. S. Thomas each owned some property which they were desirous of disposing of by trade, and each placed his property in the hands of C. C. Sanders, a real estate agent. It was through the endeavors of Sanders that the parties were brought together in the making of a contract. A contract to exchange properties and pay some money was entered into on March 27, 1922, and is as follows:

"Agreement made and entered into by and between W. S. Thomas, first party and W. E. Clark, second party, both of Springfield, Missouri, Witnesseth:

"First party agree to convey confectionery stock and fixtures located at No. 217 South Jefferson Street, known as the Breshears Confectionery, free and clear of encumbrance."

"Whereas, the second party agrees to convey for the aforesaid 120 acres seven miles northwest of Republic, known as the Smith Brown farm, with an encumbrance not to exceed $7000, and a garage building and the equipment located 1200 block E. Commercial Street, subject to an encumbrance of $1600, and a note for $800 secured by land and stock and furniture, to be endorsed by said second party, and a Tulsa Roadster in good order, model 1922, free and clear of encumbrance, also

to pay $1000 cash. Transfer to take place at once, each party to give good and sufficient titles."

"Witness and seal as within written."

(Signed)   W. S. Thomas,   (Seal)

W. E. Clark,   (Seal)

"It is understood that Mr. Clark is to secure a contract from Mr. Hart about the renting of the 120 acre farm, to give Mr. Thomas all the wheat on the farm and one-third of the balance of the crop to be placed in barn."

"W. E. Clark,   (Seal)"

After signing the contract, the evidence shows that the parties agreed to go to attorney Fred Moon to have him draw up the papers which were to evidence the transfers. It was agreed that they would meet at the office at 2:30 in the afternoon. A little before noon Clark went to Moon's office and told him to draw up warranty deeds to convey the property which he was to deed to the defendants, and to provide in the deed that the defendants would assume and agree to pay a $2000 note which was executed by Clark and wife to the Citizens Bank of Springfield, and secured by second deed of trust on the land which was being conveyed. It is not shown in the case that Moon, who was acting as the scrivener, ever saw the written contract which the parties had entered into on the morning of March 27th. It is shown that Moon drew the warranty deeds in conformity to the way which Clark told him, and that he completed the deeds about noon in all respects except as to the parties grantee, that is he left a space in which to add A. A. Thomas, wife of W. S. Thomas, in the deed if so desired.

The evidence shows that several days before Clark and the defendant closed their written contract that Clark talked with Mr. Watkins, cashier of the plaintiff bank, and the party who handled this business for the bank, and told him of the trade and that he would have to pay Thomas $1000 in cash. Watkins told Clark that he would not consent to this transfer or make the loan of $1000 to him unless he would require Thomas to assume and agree to pay the $2000 note which the bank held, secured by a second mortgage on the land. On the

date that the deeds were drawn by Moon, and before 2:30 in the afternoon, the time at which the parties were to meet in Moon's office, Watkins saw Moon and asked him if he was the lawyer who was drawing up the deeds in the deal between Thomas and Clark. On being told that he was, Watkins told him to put in the deed that Thomas assumed and agreed to pay the $2000 note of the Clarks. Moon's reply to him was that he had already drawn the deed and it was ready for the parties to execute, and that he had drawn it in that way. The evidence further shows that the parties met at Moon's office at the appointed time, and that on being asked whether his wife should be placed in the deed as one of the grantees Thomas assented to it, and Moon put the deed back in the typewriter and added her name. The deed was signed and acknowledged and Moon handed it to the defendant Thomas. There is some controversy as to whether the defendant at that time read the deed, but we do not think that question is decisive under the facts. Moon and Clark testified that the deed was handed to Thomas and that he read it over and made some objections about both pieces of land being in one deed, but made no objection to the clause by which he assumed and agreed to pay the $2000 note. Thomas testified that he did not read the deed, but was under the impression that there being two pieces of property it would require two deeds, and was informed that one deed would convey both pieces of property. He testified that he placed the deed in his pocket without reading it, and he is corroborated in this by his witness Broshears, who was also at the meeting. When the deeds were exchanged in Moon's office a check for $1000 was handed to the defendant and he went to the plaintiff bank where he deposited and took credit for the $1000.

The testimony shows that Watkins, the cashier of plaintiff bank, never talked to Thomas about him assuming this note until several months after the deed was made. The matter was not discussed when the deed was delivered to the defendant in Moon's office, and Clark says that he had told Sanders, the dual agent who was

handling the deal, that the defendant must assume the payment of this $2000 note. We think, however, that the written contract which was made, in which there was no assumption or agreement to pay the note on the part of the defendant, is binding on all parties as to what the contract was up to that date.

The first communication that Watkins ever had with Thomas with reference to this matter was in a letter written to him by Watkins, dated June 3, 1922, in which he advises that there is $28.89 interest due on the $2000 note, and in this letter he refers to the $2000 note as that which "you assumed on the farm you traded from Mr. Clark." This letter was received by defendant Thomas and answered by him on June 7th, in which he merely said, "You will find check for $28.89, covering interest on W. E. Clark note as per your favor of the 3rd of this month." On the same day Watkins wrote Thomas acknowledging receipt of the check for $28.89 in payment "on interest to June 1st on loan of W. E. Clark which you assumed."

Defendant testified that he did not record the deed but just took it and laid it on his desk, expecting to record it if he got a chance to trade the equity off, and that he did not look at it until he received the letter from Watkins June 1st, when he then for the first time noticed that the deed required him to assume and pay the $2000 note. That he immediately went and consulted an attorney and then got Clark and told him that the deed did not conform to the contract which they had entered into, and asked Clark to make another deed without requiring him to assume and pay this note. Clark refused to do this and told him that Watkins would not permit it. The evidence is not clear, but just before he paid the interest of $28.89, or just afterwards, he took the matter up with Watkins by telephone and was unable to get authority for the change to be made in the deed from Clark to Thomas; Watkins claiming that he had accepted the deed with the provision in it and that he should live up to it, which the defendant Thomas refused to do.

Matters drifted until December 15th, when the defendant had his attorney, Williams, write to the plaintiff bank enclosing check for $70, semi-annual interest on the $2000 note, and in it stating that it was tendered, and must be accepted, without prejudice to the claims of Mr. Thomas to have the deed reformed so as to conform to the written contract between Clark and Thomas dated March 27, 1922.

The evidence clearly shows that the defendant accepted rent from the tenant on the farm after the deed was made and made a lease to it after he knew that the provision was in the deed.

The testimony of Clark is that he had told Sanders, the dual agent, that he was getting this loan from plaintiff bank, and in order for him to get loan, Thomas would have to assume and agree to pay the $2000 note which Clark had previously given the bank. Thomas denied that Sanders had given him this information and Sanders did not testify. The contract, however, which was drawn up by Sanders and was signed by Clark and Thomas did not bind Thomas to pay this note.

The trial court found that the provision requiring the defendant to assume and pay the $2000 note was inserted in the deed as a result of a mutual mistake, and found the issues in defendants' favor and gave them judgment. The evidence shows that Mrs. Thomas never knew or heard of the transaction until after the controversy came up.

This case presents a state of facts where one of two innocent parties must suffer. The defendant had a written contract by which he was to get the property of Clark without having to assume the note sued on held by the plaintiff. The contract fixed the rights and obligations of this trade between the parties. On the other hand, Watkins had told Clark that he would not advance him $1000 to make this trade unless he bound Thomas to pay the $2000 note and he again had instructed the attorney who was drawing the papers for Clark to see that such provision was placed in the deed when it was delivered to Thomas, and acting on that he advanced the $1000 to

Clark which in the end went to Thomas in order to consummate the deal.

There is no showing of fraud in this case, and the trial court so found by placing his decision on a mutual mistake.

The main questions involved here have been under discussion many times in the courts. The weight of authority appears to go as follows: First, where a written contract of purchase and sale has been entered into in which the purchaser is taking the property subject to a prior encumbrance, he may repudiate a clause in the deed which is made to him requiring him to assume and pay the encumbrance placed in the deed by the grantor without the knowledge of the grantee, and that taking possession of the land, receiving rents from it, paying interest on the encumbrance, are not necessarily acts which will estop him from setting up the fraud or mistake, as the case might be, because the payment of interest, the receiving of rents, and the leasing of the property are acts which are all as consistent with his ownership, being subject to the mortgage, as with his ownership being such that he is personally liable for the prior encumbrance. The holding as above set forth has been thoroughly discussed in the case of Lloyd v. Lowe, 165 Pac. (Colo.) 609, L. R. A. 1918-A, 999, followed by a note covering practically every question raised on this appeal. It would be useless to reproduce the discussions therein contained in this opinion.

In the case of Johnson v. Maier, 194 Mo. App. 169, 187 S. W. 143, the court discussed the question here involved and held in accordance with the law as we have heretofore set it out. [See, also, Elliott v. Sackett, 108 U. S. 132, 27 Law Ed. 677, and Drury v. Hayden, 111 U. S. 223, 28 Law Ed. 408.]

There was nothing in the defendant's conduct that caused the plaintiff bank to change its position after the payment of the $1000 on the day the deed was delivered. If his conduct misled it in any respect it must have been in his neglect or failure to read the deed which was handed to him containing the clause that required

him to assume the indebtedness. This question is discussed in the cases, and it is held that where a grantee in a deed had entered into a written contract, setting forth what he shall do, that he can rely on the scrivener drawing the deed in conformity with the contract, and that by not reading the deed he is not guilty of such neglect as will bar him, as a matter of law, from repudiating this clause which found its way into the deed in contradiction of his written contract and without his express consent or authority. [Lloyd v. Lowe, and Elliott v. Sackett, supra.]

All the witnesses agreed that the written contract was the one which was entered into between the parties, and all of the witnesses further agreed that the clause in the deed in question was not discussed when the deed was delivered to him in Moon's office.

The uncontradicted testimony shows that Thomas had never done anything up to the time he received the $1000 from the bank that would lead the bank to believe that he was assuming the payment of the $2000 note. It is true the cashier of the bank had talked to other parties to the contract, and had talked to the scrivener who drew the deed, but neither of these parties testified that they told Thomas that he would have to assume the $2000 note, and Watkins himself said that he did not mention the matter to the defendant when the money was paid over. The evidence shows that the defendant did not know that Clark was borrowing the $1000 from plaintiff bank that he, the defendant, was receiving.

The cases which we have cited do not hold the grantee in a deed, who merely accepts it with a provision in it that he does not know is there, or does not read, to the same degree of care that it requires of one who signs a written contract. That is to say, in this case, had the contract of purchase contained the same clause that the deed contained, and the defendant in this case, who was able to read, had signed the contract, then the law would not permit him to dispute it, and this because it holds him guilty of negligence as a matter of law; but where he has a written contract which plainly defines

214 M. A.—38.

his rights and obligations, he may rely upon the scrivener drawing the deed in conformity with the written contract, and the cases do not hold him guilty of negligence, as a matter of law, in accepting the deed made to conform to the contract. Whatever Clark may have thought the contract was, or whatever Sanders may have thought the contract was, is immaterial, for what the contract was, and was intended to be, the law fixes within the four corners of the written contract, it being plain and unambiguous.

The appellant relies on the case of Barger v. Healy, 276 Mo. 145, 207 S. W. 499, which holds that the acceptance of a deed by the grantee is a complete execution of a contract to convey, and that the final agreement between the grantor and grantee of lands is merged in the deed executed and accepted, and the rights of the grantee are to be found, not in the contract to convey, but in the covenants contained in the accepted deeds. This holding was made, however, in a case where the grantee, when he accepted the deed, knew that the deed did not conform to his written contract and made protest of that fact, but finally accepted it with that knowledge. The holding in that case is simply this: That the grantee there had a right to stand on his original contract and refuse to go forward with the deal, or to accede to the changes made in the contract which he would do by knowingly accepting a deed not in conformity with the original agreement. The court merely held that the final contract between the parties, where the facts were all known to them, was that contained in the deed.

The facts in the case at bar present no such situation. The facts of this case, as we have stated them, distinguish it from the cases cited by appellant. As heretofore stated, regardless of what Clark thought his contract was, when it was reduced to writing the question of whether a mistake was made is to be measured not by what the parties may have thought or intended outside of the written contract, but by laying the written contract alongside of the deed, and when that is done there can be but one conclusion drawn, and that is that either

there has been a mistake made or a fraud perpetrated; and as there is no evidence of fraud there must have been a mistake, and the trial court so found. [27 Cyc. 1347; Drury v. Hayden , 111 U. S. 223, 28 Law Ed. 408.] The mistake here has reference to the discrepancy between the terms of the written contract and the deed.

The intention of Clark and the intention of Thomas must be found in their written contract, and when the deed was made which did not conform to that written contract and was delivered without any further discussion between them as to what they were doing, and delivered to the grantee, who said he did not read the deed, in the absence of fraud there can be but one conclusion drawn, and that is that the provision got into the deed by mistake, as there was no foundation, so far as the contract between the parties was concerned for it being there.

Finding no reversible error in the trial of the cause, the judgment should be affirmed. It is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.