[Civ. No. 1297. Fourth Appellate District.—March 6, 1934.]

CORNELIA FISHBACK et al., Appellants, v. THE J. C. FORKNER FIG GARDENS, INC., et al., Respondents.

C. V. Caldwell and G. L. Aynesworth for Appellants.

Everts, Ewing, Wild & Everts, C. L. Clark and L. N. Barber for Respondents.

MARKS, J.—This is an action to foreclose a mortgage. The decree of foreclosure gave judgment against The J. C. Forkner Fig Gardens, Inc., for any deficiency remaining after sale of the mortgaged property, but not against the other defendants. We will hereafter refer to The J. C. Forkner Fig Gardens, Inc., as the defendant, and to the other defendants as the respondents. The appeal is taken from that portion of the judgment which refused judgment for a deficiency against respondents. An appeal by certain defendants was decided in *Fishback* v. *J. C. Forkner Fig Gardens, Inc.;* 218 Cal. 401 [23 Pac. (2d) 293].

Horace Fishback owned forty acres of land in Fresno County. On March 15, 1922, defendant had an oral option to purchase this property and an adjoining forty acres belonging to one Sexauer for $57,800. A writing was given to H. E. Vogel, E. O. Thompson and C. M. Thompson, since deceased, whereby they were given an option to purchase the two tracts from defendant for $58,800. The option contained the following:

"The entire price to be paid for said above described real property is Fifty Eight Thousand Eight Hundred and No/100 . . . dollars ($58800.00), payable as follows:

"$2000.00 cash as above mentioned,

"$14800.00 on the exercise of this option.

"Balance on or before five years at 7 per cent interest, payable annually.

"Releasure clause privilege of one acre or more upon payment of sum of One Thousand Dollars ($1000.00) per acre.

"This option is given by The J. C. Forkner Fig Gardens, Inc. and accepted by H. E. Vogel and C. M. & E. O. Thompson according to the terms and conditions of deeds, notes and mortgages and escrow instructions now in the hands of the San Joaquin Abstract Co. relative to the land described herein and said papers are hereby referred to and made a part of this option except as to the amount to be paid upon the exercise of this option.

"Title to be perfect. Grant, bargain and sale deed to be executed and delivered by the said . . . . . . to H. E. Vogel and C. M. and E. O. Thompson, or their assigns, on or before the 15th day of June, 1922, together with an abstract showing a good merchantable title provided, however, that the sum of $14800.00 is paid at said date; but if said sum is not paid on or before the said 15th day of June, 1922, then this contract to be of no effect, and in that event the said sum of $2000.00 is to be returned by The J. C. Forkner Fig Gardens, Inc., to H. E. Vogel and C. M. and E. O. Thompson."

This option was exercised on June 20, 1922, and $14,800 paid by the purchasers. Defendant had previously paid Fishback $2,000, also the additional money he required, and gave him a note secured by a mortgage in the sum of $21,000. It also gave Sexauer a note and mortgage for $21,000. It received deeds to the two properties from the respective owners and simultaneously conveyed the properties to H. E. Vogel, Bernal L. Vogel, E. O. Thompson and C. M. Thompson. The deed to the Fishback property contained the following:

"Subject to a mortgage of date March 15, 1922, upon the above described land given by The J. C. Forkner Fig Gardens, Incorporated to Horace Fishback to secure a note of even date therewith for twenty one thousand and no/100 Dollars ($21000.00) due on or before five (5) years from date, with interest at seven (7) per cent per annum, which said mortgage and note said second parties assume and agree to pay."

Appellants have many assignments of errors as to rulings of the trial court on objections to the introduction of evidence. These may be divided into three general classes. First, objections sustained excluding documents used in the Sexauer transaction. Second, objections sustained excluding

some of the documents pertaining to the Fishback transaction. Third, objections sustained to questions which sought to elicit information that experience had proven the accuracy of records of the county recorder as to the mailing of recorded instruments.

The Sexauer transaction was not involved in the instant litigation and documents concerning it alone were properly excluded from the evidence in this case. We have examined the proffers of proof made in connection with the papers concerning the Fishback transaction and can find nothing material that was not admitted in evidence or conceded by counsel. The questions seeking to prove the accuracy of the county records by past experience were clearly improper. An employee in that office testified that she mailed the deed from defendant to appellants, addressed "H. E. Vogel, Fresno, California." This was direct evidence on the question which appellants sought to prove by the experience of the office. We find no prejudicial error in the rulings of the trial court on objections to questions of counsel.

Appellants urge that the answers admit that respondents assumed the mortgage to Fishback and that such an admission is binding on the court. The second amended complaint, upon which the action went to trial, plead the assumption of the mortgage indebtedness by setting out *in haec verba* the paragraph of the deed we have quoted. At the close of the case appellants were permitted to file an amendment to conform to the proof, in which it was alleged that respondents "assumed and agreed to pay the note in favor of Horace Fishback". The allegations of this amendment were denied by operation of law. (21 Cal. Jur. 189.) The answers alleged that it was not a part of the agreement of sale that the purchasers were to assume and pay the mortgage indebtedness and that the quoted clause was inserted in the deed without their knowledge or consent; that the grantees never at any time agreed directly or indirectly to pay the mortgage. We think these allegations sufficiently put the questions in issue.

Appellants urge that the emphasized portion of the following finding is inconsistent with the remaining portion and is a conclusion of law and not a finding of fact that will support the judgment. "That said deed contained a

provision that said grantees assumed and agreed to pay the indebtedness secured by the mortgage from The J. C. Forkner Fig Gardens, Inc. to Horace Fishback; that said grantees, however, did not know that said assumption clause was in said deed; *neither did they assume or agree to pay said indebtedness."* One portion of the finding is not inconsistent with the other. As to the objection that the emphasized portion does not find a fact but merely states a conclusion of law, it should be sufficient to observe that this portion follows the exact language of the amendment to the second amended complaint and is responsive to its allegations. If it is a conclusion of law in the finding it is a like conclusion of law in the pleading. A conclusion of law in a complaint states no issuable fact upon which a finding is necessary. While the findings are not a model of excellence, when read as a whole they sufficiently dispose of the issues presented and support the judgment.

Appellants urge that the findings and judgment are contrary to the evidence for two resaons: first, that respondents are bound by the covenant in the deed to assume and pay the mortgage note, and, second, that they agreed to pay the note in the option because the purchase price of the two tracts of land was stated at a unit sum of $58,800.

Appellants rely upon the cases of *White* v. *Schader,* 185 Cal. 606 [198 Pac. 18, 21 A. L. R. 499], *Epperson* v. *Cappellino,* 113 Cal. App. 473 [298 Pac. 533], and *Walter H. Sullivan, Inc.,* v. *Johnson,* 116 Cal. App. 591 [3 Pac. (2d) 72], which, with many others, hold that where a grantee of property encumbered by a prior mortgage assumes and agrees to pay the debt he becomes personally liable for any deficiency remaining after the security is exhausted; that his promise to pay may be established by appropriate language in the deed to him, by an independent writing or by verbal contract.

Respondents seek to avoid the application of these rules by urging that the agreement to assume and pay the note and mortgage was inserted in the deed without their knowledge or consent; that they did not know of its existence or presence in the deed until 1929, seven years after its execution and delivery; that they made no promise to pay the mortgage note. They urge that under well reasoned and ample authority there can be no liability for a deficiency

under these facts, which the trial court found to be true. We have been cited to no California case deciding the precise question here presented.

In the case of *Blass* v. *Terry*, 156 N. Y. 122 [50 N. E. 953], the Court of Appeals of New York had this question under consideration. It was there said: "The record thus produced proves a grant of certain land therein described to the defendant, and it contains a clause assuming and agreeing to pay the mortgage thereon. But this clause does not prove a personal promise or obligation on the part of defendant to pay the debt of a third party, in the absence of proof that she actually accepted the deed with knowledge of the assumption clause, or at least under such circumstances that she was bound to know its purport and legal effect. A clause of that character in such an instrument is, properly speaking, no part of the grant. It is a collateral undertaking, personal in its nature, not relating to the land. Like all other personal contracts, it must be shown by the paper itself, or otherwise, that there was a meeting of minds, and mutual assent of the parties. In a unilateral instrument, the acceptance of it by the party to be bound, or the retention of it without objection, would be evidence of assent to its terms; but when a deed of land contains a provision binding the grantee to become personally responsible for the payment of a pre-existing mortgage, the holder of the mortgage, claiming the benefit of a promise made, not to him, but to a third party, must prove something more than the mere fact that the deed was deposited in the clerk's office at some time by someone. There may be constructive delivery of a deed, sufficient to vest title in the grantee, but it does not follow that such a delivery is sufficient to create a personal obligation on his part to pay a mortgage which is a lien on the land. In order to make the instrument effective for that purpose, enough must be shown to at least raise a presumption that it was accepted by the grantee with the knowledge of the fact that it was not only a grant of the land, but contained a collateral promise on his part to pay a sum of money to some third party. . . . It is quite true that, if the defendant accepted the deed with knowledge of the assumption clause, she made the debt of the third party her own and is bound to pay it. But it was an essential part of the plaintiffs' case to prove that the defendant

had knowledge of this collateral covenant in the deed, or in some way assented to it. The recording of the deed, at best, was only presumptive evidence of a delivery; and the testimony of the defendant that she never knew of such a deed, or intended to enter into any obligation to assume the mortgage, removes the presumption; and the case is left without any evidence that she agreed to pay the mortgage, or ratify the clause in the deed. (*Savings Inst.* v. *Burdick,* 87 N. Y. 40; *Kilmer* v. *Smith,* 77 N. Y. 226 [33 Am. Rep. 613]; *Dey Ermand* v. *Chamberlin,* 88 N. Y. 658; *Townsend* v. *Rackham,* 143 N. Y. 516 [38 N. E. 731]; *Gifford* v. *Corrigan,* 117 N. Y. 257 [22 N. E. 756, 15 Am. St. Rep. 508, 6 L. R. A. 610].) . . . The plaintiffs are seeking to make the defendant liable to them by reason of a transaction with which, so far as appears, they had nothing whatever to do. They are not, therefore, in a position to claim anything from the deed, to which they were not parties, in consequence of any apparent authority in the husband to accept it for his wife. The plaintiffs can take nothing from appearances, since they were not affected by them, and could not have been. They must show that the defendant agreed to pay their debt through some act of her own, or that of her agent duly authorized. . . . The plaintiffs had no transaction whatever with the husband or agent. They are claiming the benefit of a clause in a deed between other parties. This they may do, but they must prove all the facts upon which the legal liability of the defendant to them rests. The rule that sometimes prevails in the law of principal and agent, and which attributes to the agent not only the authority that he may actually have, but that which he appears to have, has no application to this case, since the plaintiffs did not act upon or part with anything on the faith of any apparent authority. Their action or their rights were in no way affected by the conduct of the defendant's husband. Consequently, in the absence of proof that she made the agreement alleged in the complaint, or that her husband made it for her with her authority, or that she, with knowledge of all the facts, ratified it, the cause of action stated was not made out.''

The rules thus announced find support in numerous cases, among which the following may be cited: *Elliott* v. *Sackett,* 108 U. S. 132 [2 Sup. Ct. 375, 27 L. Ed. 678]; *Raffel* v.

*Clark,* 87 Conn. 567 [89 Atl. 184]; *Haskins* v. *Young,* 89 Conn. 66 [92 Atl. 877]; *Demaris* v. *Rodgers,* 110 Minn. 49 [124 N. W. 457]; *Citizens Bank of Springfield* v. *Thomas,* 214 Mo. App. 581 [264 S. W. 86]; *Bradshaw* v. *Provident Trust Co.,* 81 Or. 55 [158 Pac. 274]; *Lloyd* v. *Lowe,* 63 Colo. 288 [165 Pac. 609, L. R. A. 1918A, 999]; *Cushing* v. *Newbern,* 75 Okl. 258 [183 Pac. 409]; *Proctor Trust Co.* v. *Neihart,* 130 Kan. 698 [288 Pac. 574]; *Parker* v. *Jenks,* 36 N. J. Eq. 398; *Bogart* v. *Noble,* 112 Mich. 697 [71 N. W. 320]; *Broadbent* v. *Hutter,* 163 Wis. 380 [157 N. W. 1095]; *Metzger* v. *Huntington,* 139 Ind. 501 [37 N. E. 1084, 39 N. E. 235]; *Schmitt* v. *Merriman,* 101 Ill. App. 443; *Granger* v. *Roll,* 6 S. D. 611 [62 N. W. 970].

These cases are also authority for our concluding that there was no ratification of the mortgage indebtedness assumption clause of the deed by respondents and that they were not estopped by it from asserting that they did not promise to pay the note. ■ There is no merit in the argument that respondents should have commenced an action for reformation of the deed by the elimination of this clause. The deed was filed for record by a title company and was never in the physical possession of respondents. They did not discover the existence of this clause until 1929. There is nothing in the record here showing when the original complaint was filed. When the record on appeal is incomplete we must assume that the omitted portions would support the judgment. We must then presume that the complaint was filed before respondents discovered the assumption clause in the deed. A suit to reform the instrument was not then necessary.

■ The above-cited cases are also authority for the conclusion that the rule that "A purchaser must be held to have notice of everything which appears on the face of the deeds under which he buys" (*Watson* v. *Sutro,* 86 Cal. 500, at 522 [24 Pac. 172, 178, 25 Pac. 64]) does not apply to a mortgage assumption clause which "is, properly speaking, no part of the grant" and which "is a collateral undertaking, personal in its nature, not relating to the land". (*Blass* v. *Terry, supra.*) See, also, *Raffel* v. *Clark, supra.*

■ Appellants urge that the option given by defendant amounted to a promise on the part of the three respondents to pay the entire purchase price of $58,800, which included

the Fishback mortgage. The option was originally signed by the defendant alone. At the time of the consummation of the transaction the word "accepted" was written on the bottom of it under which H. E. Vogel, E. O. Thompson and C. M. Thompson signed their names. Bernal L. Vogel did not sign and there is no evidence showing that he knew of the existence of this document.

There are numerous cases holding that a statement in a contract of purchase of the full purchase price which included the amount of a mortgage indebtedness is not of itself a promise to assume and pay such indebtedness. (*Hibernian Sav. Soc.* v. *Dickinson*, 167 Cal. 616 [140 Pac. 265]; *Elliott* v. *Sackett, supra; Schmitt* v. *Merriman, supra; Green* v. *Hall*, 45 Neb. 89 [63 N. W. 119]; *Granger* v. *Roll, supra.*) In *Fiske* v. *Tolman*, 124 Mass. 254 [26 Am. Rep. 659], where a deed recited a total consideration of $11,000 and contained the provision that the sale was "subject, however, to a mortgage held by the Lowell Five Cents Savings Bank, of $7,000, which is part of the above-named consideration", the court said: "A promise to pay the mortgage debt cannot be inferred from the acceptance of the deed, on the ground that the clause contains this reference to the consideration. Taken by themselves, the words do not necessarily imply any obligation to be performed by the grantee. They are to be considered rather as additional words of recital or description, showing that the whole amount of the consideration was not paid or intended to be paid, but that the grantee had purchàsed only an equity of redemption."

The option was not carefully drawn. Any conclusion that the three respondents signing it promised to pay the entire purchase price of $58,800 by paying $16,800 cash, and paying the two mortgage notes each in the sum of $21,000, could only be supported by a bare inference. An equally strong, if not much stronger, inference may be drawn from its language supporting the opposite conclusion, which is the one reached by the trial court. In *Mah See* v. *North American Acc. Ins. Co.*, 190 Cal. 421, at page 426 [213 Pac. 42, 26 A. L. R. 123], it is said: "This court has frequently held that even though all the facts are admitted or uncontradicted, nevertheless, if it appears that either one of two inferences may fairly and reasonably be deduced from those facts, there still remains in the case a question of fact to be

determined by the jury (or by the trial judge where the case is tried without a jury), and that the verdict of the jury or the finding of the trial judge thereon cannot be set aside by this court on the ground that it is not sustained by the evidence (*Anderson* v. *Los Angeles Transfer Co.*, 170 Cal. 66 [148 Pac. 212]). In so far as the evidence is subject to opposing inferences, it must upon a review thereof be regarded in the light most favorable to the support of the judgment. (*Woodard* v. *Glenwood Lumber Co.*, 171 Cal. 513, 519, 520 [153 Pac. 951]; *Hassell* v. *Bunge*, 167 Cal. 365, 367 [139 Pac. 800].) 'In reviewing a question of this kind, all the inferences reasonably possible from the evidence favorable to the plaintiff (the prevailing party) must be indulged by this court.' (*Bandle* v. *Commercial Bank of Los Angeles*, 178 Cal. 546, 547 [174 Pac. 44, 45].)''

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 3, 1934.